# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 7 |
| BAYOU STEEL BD HOLDINGS, LLC, *et al.* | Case No: 19-12153 (KBO) |
| *Debtors*. | (Jointly Administered) |
| ----------------------------------------------------------- | |
| GEORGE MILLER, in his capacity as Chapter 7 Trustee of Bayou Steel BD Holdings, LLC, *et al*. | Adversary Proceeding No. 21-50222 |
| *Plaintiff*, | |
| vs. | |
| RELIANT RECYCLING, INC., | **Hearing Date: TBD**<br>**Responses Due: June 22, 2021 @ 4:00 PM** |
| *Defendant*. | |

## RELIANT RECYCLING, INC.'S
## MOTION TO REOPEN ADVERSARY PROCEEDING

Reliant Recycling, Inc. (the "Defendant"), by and through the undersigned counsel, hereby requests that this Honorable Court reopen this adversary proceeding so that it can adjudicate the Defendant's Motion to Vacate Entry of Default Judgment (the "Motion") filed simultaneously with this motion to reopen the above-captioned adversary proceeding (the "Motion to Reopen").

### PROCEDURAL FACTS

1. On October 1, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors' cases are jointly administered for administrative purposes only.

2. On March 4, 2021, the Plaintiff commenced the present Adversary Proceeding by filing a Complaint against the Defendant. In the Complaint, George Miller (the "Plaintiff"),

in his capacity as the chapter 7 trustee of Bayou Steel BD Holdings, LLC *et al.* (the "Debtors"), sought to recover the amount of $359,567.97 (the "Transfers") from the Defendant as alleged preference transfers under 11 U.S.C. §547 and §550. [Docket #1]

3. On April 27, 2021, the Plaintiff filed a request for entry of default against the Defendant. [Docket #4]

4. On April 28, 2021, the Clerk entered a default against the Defendant. [Docket #6]

5. On April 28, 2021, the Default Judgment was entered against the Defendant. [Docket #7]

6. On May 13, 2021, this adversary proceeding was closed.

## SUMMARY OF RELIEF REQUESTED

7. The Defendant respectfully requests this Honorable Court to enter an order reopening the above-captioned adversary proceeding so that it can adjudicate the Motion.

## ARGUMENT IN FAVOR OF REOPENING THE ADVERSARY PROCEEDING

8. Fed. R. Civ. P. 60(b) provides that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

   1) mistake, inadvertence, surprise, or excusable neglect;

   2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

   3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

   4) the judgment is void;

5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

6) any other reason that justifies relief.

9. Fed. R. Civ. P. 60(c) subsequently provides that a party may move to vacate a default due to mistake, inadvertence, surprise, or excusable neglect within a year of the default.

10. Fed. R. Civ. P. 60(b)(1) permits courts to reopen judgments for reasons of mistake, inadvertence, surprise, or excusable neglect, but only on motion made within one year of the judgment. Fed. R. Civ. P. 60(b)(6) goes further, however, and empowers the court to reopen a judgment even after one year has passed for any other reason justifying relief from the operation of the judgment. *Pioneer Investment Services Co. v. Brunswick Associates L.P.,* 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).

11. The Motion to Reopen and the Motion are both being filed a little over one month from the date of the Default Judgment. It has been held that a two-month period of delay in filing a motion to vacate a default judgment is legally insignificant. *Zazzali v. 1031 Exchange Group LLC et al. (In re DBSI),* 501 B.R. 37 (Bankr. Ct. D. Del. 2013).

12. In further support of the relief requested in this motion to reopen the above-captioned adversary proceeding, the Defendant adopts and incorporates the arguments set forth in its Memorandum of Law in support of the Motion.

## **CONCLUSION**

For the above reasons, the Defendant requests that the Court enter an order similar in substance to the Proposed Order filed concurrently with the motion reopening the adversary proceeding. The Defendant additionally requests for such other and further relief as this Court

may deem just and proper.

    Dated: June 8, 2021

 

**The Law Office of James Tobia, LLC**
By:   /s/ *James Tobia*
James Tobia, Esquire (I.D. No. 3798)
1716 Wawaset Street
Wilmington, DE 19806
Tel. (302) 655-5303
Fax (302) 656-8053
Email: jtobia@tobialaw.com

and

**JONES & ASSOCIATES**
Roland Gary Jones, Esq.
New York Bar No. RGJ-6902
1325 Avenue of the Americas
28th Floor
New York, NY 10019
Tel. (347) 862-9254
Fax (212) 202-4416
Email: rgj@rolandjones.com
*Pro hac vice motion to be filed.*

*Counsels for the Defendant*